**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOSEPH TAYLOR,

    Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

1:19-cv-21299-NLH

**MEMORANDUM OPINION & ORDER**

**APPEARANCES**:

JOSEPH TAYLOR
1170 COLLINGS RD
CAMDEN, NJ 08104

    Appearing *pro se*

**HILLMAN**, **District Judge**

    WHEREAS, this matter is before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding Plaintiff's request to reinstate social security benefits for his daughter's claim under Title II of the Social Security Act, 42 U.S.C. § 401, et seq.; and

    WHEREAS, on December 17, 2019, the Court granted Plaintiff's application to proceed without prepayment of fees ("IFP application"); and

    WHEREAS, the Court also ordered the clerk to issue a summons, and the U.S. Marshal to serve a copy of the complaint,

summons and the order upon the Commissioner[1] (Docket No. 2); and

    WHEREAS, in order for the U.S. Marshal to serve Plaintiff's complaint, on December 17, 2019, the clerk sent a letter

---

[1] See Fed. R. Civ. P. 4(i):

(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.

    (1) United States. To serve the United States, a party must:
        (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
        (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office [For the District of New Jersey, see POMS GN 03106.020 Service of Process, the service address is Office of the Regional Chief Counsel, Region III, Social Security Administration, 300 Spring Garden Street, 6th Floor, Philadelphia, PA 19123-2932.];
        (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
        (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
    (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee. [See 20 C.F.R. § 423(a), the General Counsel, Social Security Administration, Room 611, Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235.]

2

enclosing a USMS Form 285 ("285 form") to Plaintiff, explaining "USMS will NOT serve the summons and complaint unless it receives a form for that defendant," and that it must be returned to the clerk's office within 30 days (Docket No. 3); and

WHEREAS, the letter further explained that Plaintiff's complaint must be served within 90 days, either by the USMS or on his own;[2]

WHEREAS, on January 31, 2020, the clerk filed a certification by the USMS stating that Plaintiff had failed to return the 285 form, and service on Defendant could not be effected (Docket No. 4); and

WHEREAS, because Plaintiff had failed to contact the Court or otherwise prosecute his case since he filed it on December 12, 2019, the Court issued an Order to Show Cause on May 7, 2021 as to why the Court should not dismiss the action without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service

---

[2] Fed. R. Civ. P. 4(m) provides, in relevant part:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . .

3

(Docket No. 5);  and

    WHEREAS, Plaintiff has failed to respond to the Court's Order to Show Cause, and he has not otherwise contacted the Court since his initial complaint was filed;

    THEREFORE,

    IT IS on this ___30th___ day of ___September___, 2021

    ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

At Camden, New Jersey                    ___s/ Noel L. Hillman___
                                              NOEL L. HILLMAN, U.S.D.J.